■ GEORGIE ANN ZIELINSKI, Also Known as GEORGIE ANN MCMORRIS, Respondent, v WILLIAM F. ZIELINSKI, Appellant. [790 NYS2d 516]—

In a matrimonial action in which the parties were divorced by judgment dated July 23, 1982, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (O'Rourke, J.), dated February 4, 2004, as, upon granting the motion of the plaintiff former wife, in effect, for leave to renew that branch of her cross mo-

tion which was to enforce a foreign money judgment of the State of Pennsylvania, entered upon his default, granted that branch of the cross motion and directed judgment in favor of the plaintiff and against him in the principal sum of $17,319.96.

Ordered that the order dated February 4, 2004, is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion which was to enforce the foreign money judgment is denied.

The plaintiff obtained a money judgment against the defendant in Supreme Court, Rockland County, in October 1983 (hereinafter the New York judgment). In 1985 the plaintiff obtained a foreign money judgment, upon the defendant's default, in the Pennsylvania Court of Common Pleas (hereinafter the Pennsylvania judgment), which was based solely on the New York judgment. Thereafter, the plaintiff revived the Pennsylvania judgment (*see* Pa Rules Civ Pro Rule 3025 *et seq.*) three times, the last being in 1997. In November 2003 the defendant commenced an action in the Supreme Court, Rockland County, on a related issue dealing with the parties' separation agreement executed in 1981. The plaintiff cross-moved, inter alia, to enforce the Pennsylvania judgment.

On appeal, the defendant argues that the New York judgment was controlling, and that it was presumed to be paid and satisfied under CPLR 211 (b) because the 20-year limitation period had expired at the time of the plaintiff's cross motion. The defendant further argues that he was never served with the notice of revival of the Pennsylvania judgment in 1997. The plaintiff contends that the 1997 revival of the Pennsylvania judgment is controlling, and should be afforded full faith and credit because service of process was properly effectuated.

CPLR 211 (b) provides that: "A money judgment is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to enforce it. This presumption is conclusive, except as against a person who within the twenty years acknowledges an indebtedness, or makes a payment, of all or part of the amount recovered by the judgment, or his heir or personal representative, or a person whom he otherwise represents. Such an acknowledgment must be in writing and signed by the person to be charged."

Here, since the original judgment was rendered in New York, and the Pennsylvania judgment and subsequent revivals were based solely on the New York judgment, the New York judgment is controlling and CPLR 211 (b) is applicable (*see* McLauglin, Practice Commentaries, McKinney's Cons Laws of NY,

Book 7B, CPLR C211:3). The plaintiff failed to bring an action in the State of New York to enforce the New York judgment within the 20-year period provided by CPLR 211 (b), and there is no evidence that the defendant "acknowledged" the New York judgment or made any payments thereon to extend the 20-year period of limitations under CPLR 211 (b). Consequently, the New York judgment is presumed paid and satisfied under CPLR 211 (b), and the plaintiff's cross motion should have been denied.

The parties' remaining contentions are rendered academic by this Court's determination. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.